O

# United States District Court
# Central District of California

| | |
|---|---|
| SAM HORSE CORPORATION,<br><br>   Plaintiff/Counterdefendant,<br><br>   v.<br><br>TQL TRADING INC.,<br><br>   Defendant/Counterclaimant. | Case № 2:14-cv-02354-ODW(FFMx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [25]** |

## I.   INTRODUCTION

Plaintiff Sam Horse Corporation and Defendant TQL Trading Inc. both sell audio speakers and other goods bearing the KAIDAER mark. They both buy their goods from the KAIDAER manufacturer in China. In fact, their businesses are only a few doors down from each other. Now they dispute ownership of the United States Trademark Registration from the KAIDAER mark, which Sam Horse obtained in January 2014. TQL Trading attempts to use this Motion for Judgment on the Pleadings as a mini-trial of the issues involved in the action, complete with a declaration from the Chinese manufacturer. But since the Court cannot consider this evidence in deciding the Motion, the Court **DENIES** TQL Trading's Motion for Judgment on the Pleadings.[1] (ECF No. 25.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Sam Horse and TQL Trading are both California corporations having their principal place of business in Los Angeles, California—in fact, they are only a half a block away from each other. (Compl. ¶¶ 4–5.) Sam Horse has been engaged in selling audio speakers, MP3 players, and radios bearing the KAIDAER trademark. (*Id.* ¶ 6.) On January 28, 2014, Sam Horse obtained a federal trademark registration for the KAIDAER mark from the United States Patent and Trademark Office. (*Id.* ¶ 7.) Sam Horse is the sole owner and authorized user of the trademark. (*Id.*)

TQL Trading is a Sam Horse competitor. TQL Trading also sells audio products bearing the KAIDAER mark in identical packaging as Sam Horse uses. (*Id.* ¶ 9.) But since Sam Horse has registered the KAIDAER mark and not authorized TQL Trading to use it, Sam Horse contends that TQL Trading's sales result in consumer confusion.

On March 27, 2014, Sam Horse brought this action against TQL Trading, alleging claims for trademark infringement, false designation of origin, false description, and trademark dilution under the Lanham Act; common-law unfair competition; and unfair competition under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. (ECF No. 1.) TQL Trading answered the Complaint and brought a trademark-cancellation counterclaim. (ECF No. 17.)

On August 26, 2014, TQL Trading filed this Motion titled "Motion to Dismiss and Motion for Judgment on the Pleadings." (ECF No. 25.) Sam Horse timely opposed. That Motion is now before the Court for decision.

## III. LEGAL STANDARD

TQL Trading properly brings both a Rule 12(b)(6) and 12(c) motion. Rule 12(h)(2) provides that a party may bring a failure-to-state-a-claim motion essentially at any time.

/ / /

/ / /

### A. Motion to dismiss

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Motion for judgment on the pleadings

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b) motion to dismiss; the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106–07 (C.D. Cal. 2008) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The allegations of the nonmoving party are accepted as true, denials of these allegations by the moving party are assumed to be false, and all inferences reasonably drawn from those facts must be construed in favor of the responding party.

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). But conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). A court should grant judgment on the pleadings when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios*, 896 F.2d at 1550.

## IV. DISCUSSION

TQL Trading moves to dismiss Sam Horse's trademark-related claims based on a declaration from the parties' Chinese manufacturer. But Sam Horse correctly points out that this declaration and accompanying exhibits are outside a Rule 12(c) motion's bounds—a conclusion fatal to all of TQL Trading's arguments.

**A. Evidentiary objections**

In connection with its Motion, TQL Trading submitted the translated declaration from Zheng Chugeng, a Chinese individual who produces and distributes the KAIDAER products. Chugeng testifies that he registered the KAIDAER mark in China in 2008, he first used the mark in the United States in 2011, and he never made any company the exclusive distributor of KAIDAER goods. TQL Trading also submitted several exhibits appended to the Chugeng Declaration. Sam Horse objects to this declaration and exhibits as evidence outside of the Complaint that the Court cannot consider in ruling upon the Motion for Judgment on the Pleadings.

The Court **SUSTAINS** Sam Horse's objections and accordingly excludes the Chugeng declaration and accompanying exhibits from consideration. The Ninth Circuit has made clear that "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios*, 896 F.2d at 1550; *see also* Fed. R. Civ. P. 12(d). There is no indication that either party wants to launch a full-scale summary judgment at this nascent stage of the litigation simply to consider Chugeng's declaration.

1    Neither are the declaration and exhibits the proper subject of judicial notice. *See Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006) (noting that a court may consider materials subject to judicial notice in ruling upon a motion for judgment on the pleadings). Chugeng's declaration and exhibits, and the facts within them, are neither generally known in the Central District of California nor able to be accurately and readily determined by accurate sources.

Finally, Sam Horse did not incorporate the Chugeng declaration or exhibits by reference or attach the declaration to its Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (permitting courts to consider such evidence without converting the motion to one for summary judgment). Rather, TQL Trading submitted the declaration and exhibits for the first time when filing its Motion.

**B.     Trademark infringement, false designation of origin, and false description**

To prevail on a trademark-infringement claim under the Lanham Act, the plaintiff must prove "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion, thereby infringing upon the [plaintiff's] rights to the mark." *Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006); *see also* 15 U.S.C. § 1114(a). The test for false designation of origin is essentially the same. *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980); *see also* 15 U.S.C. § 1125(a). When a plaintiff has registered a trademark, the registration is prima facie evidence that the plaintiff has a valid interest in the mark. 15 U.S.C. § 1057(b); *Dep't of Parks & Recreation*, 448 F.3d at 1124; *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219–20 (9th Cir. 1996).

But a party challenging a trademark registration's validity may overcome this presumption by a preponderance of the evidence. *Sengoku Works*, 96 F.3d at 1220. One method of attacking a registration is by establishing that the challenger used the mark in commerce before the registrant, as it "is axiomatic in trademark law that the standard test of ownership is priority of use." *Id.* at 1219. As the Ninth Circuit has

held, to "acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Id.*

The Court must accept as true Sam Horse's allegations that it registered the KAIDAER mark with the USPTO in January 2014 and has not authorized TQL Trading to use the mark. If TQL Trading is using the identical KAIDAER mark, then that use is inherently likely to cause consumer confusion due to the identity between the marks.

It is not enough for TQL Trading to file a motion for judgment on the pleadings to simply disagree with the allegations in the Complaint—indeed, that is the nature of most lawsuits. Rather, TQL Trading must engage in discovery and then test the merits of Sam Horse's allegations at summary judgment or trial. The Court thus **DENIES** TQL Trading's Motion on this ground.

C. **Trademark dilution**

The Lanham Act also prohibits a party from diluting a "famous" mark by either blurring or tarnishment. 15 U.S.C. § 1125(c). A plaintiff invoking this provision must establish "that its mark is famous and distinctive, that defendant began using its mark in commerce after plaintiff's mark became famous and distinctive, and that defendant's mark is likely to dilute plaintiff's mark." *Visa Int'l Serv. Ass'n v. JSL Corp.*, 610 F.3d 1088, 1089-90 (9th Cir. 2010). The Lanham Act sets forth several factors a court should consider in determining whether a mark is famous, that is, whether the mark is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner:"

> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.

///

(ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark.

(iii) The extent of actual recognition of the mark.

(iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

§ 1125(c)(2)(A).

Certainly, the issue of whether the KAIDAER mark qualifies as "famous" under the Lanham Act is an issue the parties and the Court will have to resolve. Sam Horse has not provided much information in its Complaint to establish how the mark is famous under the factors set forth in § 1125(c)(2)(A). But Sam Horse does allege that the "'KAIDAER' trademark identifies high quality 'audio products' associated with Plaintiff, and has become a famous and recognizable brand in the 'audio product' market, thus making it a famous mark within the meaning of 15 U.S.C. § 1125(c)." (Compl. ¶ 27.) While bare, this allegation at least puts TQL Trading on notice that Sam Horse intends to seek damages for dilution of a famous trademark. TQL Trading can accordingly seek discovery with respect to Sam Horse's marketing and sales efforts and other matters bearing upon the famousness inquiry. Lest the Court turn this Motion into a mini-trial, the Court **DENIES** TQL Trading's Motion on this ground.

**D.  Necessary party**

Federal Rule of Civil Procedure 19(a) sets forth "necessary" parties, that is, those parties who "must be joined" if they will not deprive the court of subject-matter jurisdiction. A party is necessary if, among others, disposing of the action in that party's absence may "as a practical matter impair or impede the person's ability to protect the interest; or . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If a necessary party has not been joined, the court "must order that the person be made a party" unless joinder is not feasible.

*Id.* (a)(2). If the court cannot join a necessary party, the court then determine whether that person is "indispensable," that is, "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* (b). The Rule then sets forth several factors a court should consider in making that the indispensability inquiry. *Id.*

TQL Trading argues that complete relief is not possible unless the foreign manufacturer is joined in the litigation. TQL Trading contends that if this action proceeds without Chugeng, he could lose his intellectual-property rights without having participated. Sam Horse opposes, asserting that even if Chugeng is a necessary party, he is subject to service of process and can be joined in the litigation without destroying jurisdiction.

TQL Trading misapprehends Rule 19's purpose and requisites. The standard for whether someone is a necessary party is not simply whether they colloquially claim some general interest in the litigation's subject matter. More specifically, it is not enough that Chugeng claims an interest in the KAIDAER mark anywhere in the world. For him to be a necessary party, he must claim an interest in Sam Horse's United States trademark for KAIDAER. And there is simply no indication that he does. It only appears that Chugeng owns the Chinese KAIDAER mark.

So, for example, if this case continues to summary judgment or trial, and if the Court were to invalidate Sam Horse's United States trademark, nothing will have changed for Chugeng. He will still have his Chinese mark and might still even be able to claim the ability to register the United States mark. A judgment against TQL Trading will change nothing for Chugeng except perhaps his general interest in selling his products.

The Court consequently finds that Chugeng is not a necessary party and thus **DENIES** TQL Trading's Motion on this ground.

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** TQL Trading's Motion to Dismiss and for Judgment on the Pleadings in its entirety. (ECF No. 25.)

**IT IS SO ORDERED.**

September 17, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**